UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER M. TIERNEY,
    Plaintiff,

vs.                                    Case No.: 3:20cv5738/LAC/ZCB

J. HATTAWAY, et al.,
    Defendant.
                                 /

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 25). Defendants—correctional officers with the Florida Department of Corrections (FDOC)—have moved to dismiss the case for failure to exhaust administrative remedies. (Docs. 47, 55). Plaintiff has responded in opposition. (Doc. 57). For the reasons below, Defendants' motions to dismiss should be denied.

### I.    Background[1]

Plaintiff is an FDOC inmate. He was transferred from Century Correctional Institution to Okaloosa Correctional Institution (OCI) on May 10, 2020. (Doc. 25 at 8). Upon arriving at OCI, he was screened and processed by corrections officers,

---

[1] The following factual summary is based on the allegations set forth in Plaintiff's third amended complaint. The allegations are presumed true at this stage in the case. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

1

including Defendants Hattaway, Dunham, Taylor, and Hutchenson. (*Id*.). He alleges that a supervising officer informed Defendants that Plaintiff had previously assaulted an officer. (*Id*.). According to Plaintiff, Defendants then took him to the shower area, placed a wet towel over his face, and started pouring water on the towel. (*Id*.). This act, which Plaintiff refers to as "waterboard[ing]," made Plaintiff feel as though he was drowning. (*Id*. at 9, 12). Plaintiff claims that Defendant Hattaway placed him against the wall and choked him, Defendant Dunham punched him in the ribs, and Defendant Hutchenson hit him on the head. (*Id*. at 9-10). Additionally, Plaintiff alleges the handcuffs were so tight that his hand went numb and felt as if it had been broken. (*Id*.). According to Plaintiff, the incident resulted in him suffering physical injuries and mental "suffering/humiliation." (*Id*. at 10).

In his third amended complaint, Plaintiff claims Defendants' conduct violated his Eighth Amendment rights. (*Id*. at 11). He seeks compensatory and punitive damages. (*Id*.). Defendants' have moved to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (Docs. 47, 55). They have included with the motions to dismiss a declaration from Lawanda Sanders-Williams, FDOC's custodian of records for grievance appeals. (Doc. 47-1). According to the declaration, Plaintiff "did not file any grievance appeals to the Bureau of Policy Management and Inmate Appeals in DOC Central

Office" relating to the incident at OCI. (*Id*. at 1-2). Plaintiff has responded to the motion to dismiss, arguing that he sufficiently exhausted his administrative remedies because his informal grievance was approved and referred to the Inspector General. (Doc. 52 at 1).

## II. Discussion

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), a prisoner is required to exhaust administrative remedies before bringing an action under any federal law, including actions alleging excessive force by corrections officers. *Porter v. Nussle*, 534 U.S. 516, 520 (2002). An inmate in FDOC custody exhausts administrative remedies by complying with the FDOC's grievance procedure. The grievance procedure has three steps: (1) the inmate files an informal grievance within twenty days of the incident; (2) if the grievance is not resolved at that level, then the inmate files a formal grievance at the institutional level within fifteen days from the date the informal grievance was responded to; and (3) if the inmate is unhappy with the response at the institutional level, then the inmate files an appeal with the Office of the Secretary of the FDOC within fifteen days of the response to the formal grievance. Fla. Admin. Code Ann. r. 33-103.005-007, 011 (2018).

If an inmate files an informal grievance, and the informal grievance is approved, then there is no need for the inmate to proceed through the remainder of

the administrative grievance process. *See Williams v. Dep't of Corr.*, 678 F. App'x 877, 881 (11th Cir. 2017) (explaining that because the inmate's "informal grievance was address and approved, [the inmate] was not required to submit any further grievances . . . . [H]e exhausted his administrative remedies on those issues and was entitled to pursue a cause of action based on them."). That is so because although the "Florida Administrative Code address further steps when a grievance is rejected, they do not contain similar provisions requiring inmates to undertake additional action upon approval of a grievance in order to complete the review process." *Fulmore v. Leigh*, No. 8:12-CV-1705, 2014 WL 2441864, at *7 (M.D. Fla. May 30, 2014). After all, it would make little sense for an inmate who has received an "approval" of an informal grievance to then appeal that approval. *See Rosa v. Littles*, 336 F. App'x 424, 429 (5th Cir. 2009) (opining that "[r]equiring inmates to appeal a favorable result" would "waste administrative resources" and be inconsistent with the prescribed administrative review process).

An inmate has sufficiently exhausted administrative remedies when an informal grievance is approved, and the matter is referred to the FDOC Inspector General for an investigation. *See Luckey v. May*, No. 5:14-CV-315, 2016 WL 1128426, at *10 (N.D. Fla. Feb. 17, 2016) (holding that the plaintiff had sufficiently exhausted administrative remedies because, in response to his emergency informal

4

grievance, "prison officials had turned the matter over to the Inspector General for investigation and [informed the plaintiff] that [his] appeal was 'approved' from that standpoint"); *see also Lanier v. Smith*, No. 3:08-CV-833, 2009 WL 1758904, at *1 (M.D. Fla. June 19, 2009) (denying motion to dismiss for failure to exhaust where the plaintiff was informed that his informal grievances had resulted in a referral to the Inspector General); *Fulmore*, 2014 WL 2441864, at *7 (finding that the plaintiff had exhausted administrative remedies because his informal grievance had been "approved" and the matter "addressed by the Inspector General's Office"); *Manago v. Glass*, No. 3:16-CV-1508, 2019 WL 1014440, at *7 (M.D. Fla. Mar. 4, 2019) ("Given the approval of Plaintiff's grievance and the fact that it was referred to the Inspector General for 'review and action,' the Court finds Plaintiff was not required to proceed through the rest of the grievance process.").

In this case, Plaintiff submitted an informal grievance on May 11, 2020. (Doc. 25 at 12). On May 14, 2020, Plaintiff received a response to his informal grievance. (*Id*.). The response informed Plaintiff that "your allegations have already been forwarded to the Office of the Inspector General for further review and action if necessary. Your grievance is being approved for the sole purpose of forwarding to the Office of the Inspector General and is not a substantiation of your allegations." (*Id*.). And the response further stated: "Based on the above information, your

grievance is approved." (*Id*.). The response also contained the following information: "If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C." (*Id*.). Consistent with that response, the Office of the Inspector General launched an investigation of Plaintiff's allegations. (*See* Doc. 52 at 21).

Here, as in the cases cited above, Plaintiff sufficiently exhausted his administrative remedies by filing an informal grievance that was "approved" by the FDOC. The record is clear that Plaintiff's informal grievance was "approved"—the word "approved" is written twice in the FDOC's response, and it is also circled at the bottom of the form. (Doc. 25 at 12). Given that Plaintiff's informal grievance was "approved," and the matter referred to the Inspector General, it would have been pointless for Plaintiff to appeal by filing a formal grievance. *See Fulmore*, 2014 WL 2441864, at *7 (explaining that the administrative review process does not "require[e] inmates to undertake additional action upon approval of a grievance in order to complete the review process"). Indeed, the form on which the FDOC responded to Plaintiff's informal grievance specifically stated that an inmate should only file a formal grievance "[i]f your informal grievance is *denied*." (Doc. 25 at 12) (emphasis added). Based on the contents of the FDOC's response, the language of the FDOC's own form, the case law cited above, and common sense the Court

finds no merit in Defendants' argument that Plaintiff failed to exhaust his administrative remedies by not proceeding through the formal grievance process.

## III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Defendants' Motions to Dismiss (Docs. 47, 55) be **DENIED**.

At Pensacola, Florida, this 9th day of December 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**