UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHRISTOPHER MICHAEL TIERNEY,
    Plaintiff,

vs.                                            Case No.: 3:20cv5738/LAC/ZCB

OFFICER J HATTAWAY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case under 42 U.S.C. § 1983. (Doc. 25). Defendants—correctional officers with the Florida Department of Corrections (FDOC)—have moved for summary judgment on Plaintiff's excessive force claim. (Doc. 66). Plaintiff has responded in opposition. (Docs. 71, 73). For the reasons below, Defendants' motion for summary judgment should be denied.

### I.     Background

Plaintiff is an FDOC inmate. He was transferred from Century Correctional Institution to Okaloosa Correctional Institution (OCI) on May 10, 2020. (Doc. 25 at 8). Upon arriving at OCI, Plaintiff was screened and processed by corrections officers, including Defendants Hattaway, Dunham, Taylor, and Hutchenson. (*Id.*). Plaintiff alleges that a supervising officer informed Defendants that Plaintiff had previously assaulted an officer at another facility. (*Id.*). Plaintiff claims he was then taken into the "Old Protection Unit" where there was no audio or camera monitoring

1

and "aggressively" pulled backward by Defendants into the unit's shower. (*Id.* at 9). Plaintiff alleges that Defendants placed a blue rag over his face and mouth and proceeded to pour water on top of the rag, causing Plaintiff to feel like he was drowning. (*Id.*). Plaintiff alleges Defendant Hattaway then gripped Plaintiff's "windpipe really hard" while pushing him against a wall, causing Plaintiff to "involuntary" kick Defendant Dunham, who then allegedly punched Plaintiff in the face. (*Id.*). Plaintiff alleges he then returned to his unit soaking wet from the "waterboarding," and Defendant Hattaway's shirt was also wet. (*Id.* at 10). Additionally, Plaintiff alleges the handcuffs were so tight that his hand went numb and felt as if it had been broken. (*Id.*). According to Plaintiff, the incident resulted in him suffering physical injuries and mental "suffering/humiliation." (*Id.*).

Plaintiff claims Defendants used excessive force in violation of the Eighth Amendment. (*Id.* at 11). He seeks compensatory and punitive damages. (*Id.*). Defendants have moved for summary judgment. (Doc. 66). They have submitted no video evidence in support of the motion. Instead, they rely on their own sworn statements, which deny that the incident occurred as Plaintiff says it did. (Docs. 66-1, 66-2, 66-3, 66-4).

Plaintiff has responded to the motion for summary judgment, arguing that the incident did occur and that it constituted excessive force. (Doc. 71 at 3). Along with

2

his response, Plaintiff has included a sworn declaration that recounts the incident involving Defendants. (Doc. 73).

## II.     Discussion

### A. Summary judgment standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*.

The central summary judgment question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. When answering that question, courts view the evidence in the light most favorable to the nonmoving party (*Scott v. Harris*, 550 U.S. 372, 380 (2007)), and the nonmoving party bears the burden of coming forward with sufficient evidence on each element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A mere "scintilla" of evidence is insufficient to meet that burden. *Young v. City of Palm Bay, Fla*., 358 F.3d 859, 860 (11th Cir. 2004). Likewise, speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).

## B. Excessive force standard

To determine what facts are "material" at the summary judgment stage, courts look to the substantive law. *Anderson*, 477 U.S. at 248. Completing that task here requires an examination of the law governing Eighth Amendment excessive force claims. The "core judicial inquiry" in considering an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 319-21 (1986). "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated . . . . whether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

In determining whether an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered, including these six: the extent of the injury, "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response." *Hudson*, 503 U.S. at 7-8; *see also Whitley*, 475 U.S. at 321. From the consideration of these factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a

4

knowing willingness that it occur." *Whitley*, 475 U.S. at 321. When a collective use of force is alleged, the court need not analyze separately the force administered by each officer to determine which of the blows or other acts, if any, constituted the use of excessive force. *Skrtich v. Thornton*, 280 F.3d. 1295, 1302 (11th Cir. 2002).

### C. Plaintiff's excessive force claim

In their motion for summary judgment, Defendants present a two-paragraph argument that says: "the incident alleged by Plaintiff never occurred" and "[n]o force was utilized by any Defendant, excessive or otherwise." (Doc. 66 at 5).[1] Defendants highlight that the "usual type of documentation when there is force used by a correctional officer upon an inmate is lacking here, because there was no use of force to document." (*Id.*). In support of their argument, Defendants Hattaway (66-1), Dunham (66-2), Hutchenson (66-3), and Taylor (66-4) each filed sworn declarations denying the incident occurred as Plaintiff says it did.

Plaintiff contends the opposite—that the incident did in fact occur. Plaintiff states Defendants Hattaway, Dunham, Hutchenson, and Taylor placed a wet towel over Plaintiff's face and poured water on the towel, making Plaintiff feel that he was drowning. (Docs. 25 at 8-9, 12; 73 at 1-2). Plaintiff further alleges that he was

---

[1] Defendants also argue that Plaintiff failed to exhaust his administrative remedies. The Court has already rejected that argument. (*See* Docs. 68, 74).

choked by Defendant Hattaway, punched in the ribs by Defendant Dunham, and hit on the head by Defendant Hutchenson. (Doc. 25 at 9-10).

Whether the incident occurred is certainly material to the outcome of this case. Indeed, if no force was used, then Plaintiff's Eighth Amendment use of excessive force claim necessarily fails. There is no video evidence in the record nor are there any statements from uninterested eyewitnesses. Thus, what the Court is left with is Plaintiff's allegations on the one hand and Defendants' denials on the other. Plaintiff says the incident unfolded in one way, and Defendants claim it unfolded in an entirely different way. Clearly, one side is telling the truth and the other is not. At the summary judgment stage, however, it would be inappropriate for the Court to make credibility determinations or to weigh the evidence. *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment."). That is true even if the Court "believes that the evidence presented by one side is of doubtful veracity" because "it is not proper to grant summary judgment on the basis of credibility choices." *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson,* 477 U.S. at 255.

Because there is conflicting information in the record on material facts, the Court cannot grant summary judgment in favor of Defendants. There is a genuine dispute here about perhaps the most material fact—whether any force was used against Plaintiff at all. That is not something the Court can resolve on summary judgment, given that the only evidence in the record is the parties' statements. If things happened as Plaintiff says they did, then a reasonable jury could find that the amount of force used was excessive. Defendants, therefore, are not entitled to summary judgment.

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 66) be **DENIED.**

At Pensacola, Florida this 24th day of January 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and**

7

recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**